UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

07 CV \_\_\_\_\_

**COMPLAINT**

              Plaintiffs,

-against-

EAST COAST WINDOWS INSTALLERS INC.,

              Defendant.
-----------------------------------------------------------------X

  Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

  1.  This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and East Coast Windows Installers Inc. ("Employer").

## JURISDICTION

2.  This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.  Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.  At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.  The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.  Upon information and belief defendant is a foreign corporation incorporated under laws of the State of Pennsylvania with a principal place of business located at 1280

2

Southern Road, York, PA 17403.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

### FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 30, 2006. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 21, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that the defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of August 1, 2006 through September 21, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that the defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration with interest to accrue at the rate of 10% from the date of the award.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period August 1, 2006 through September 21, 2007.

3. For entry of judgment in favor of the Benefit Funds and against defendant ordering defendant to pay the Benefit Funds a total sum of $2,350.00 together with interest at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
November 30, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

**OFFICE OF THE IMPARTIAL ARBITRATOR**
-------------------------------------------X
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council     **DEFAULT**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,     **AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund, by Michael J. Forde
and Paul O'Brien, as Trustees and The New York
City and Vicinity Carpenters Labor-Management
Corporation
        And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
                            (Petitioners)
    -and-

East Coast Window Installers
                            (Employer)
-------------------------------------------X
BEFORE:  Robert Herzog, Esq.


    East Coast Window Installers (hereinafter referred to as the "Employer") signed an agreement entitled "Subcontractor Agreement To Be Bound By The Project Labor Agreement Covering Specified Construction Work Under The Capital Improvement And Restructuring Programs (2005-2009) Between New York City School Construction Authority And Building And Construction Trades Council Of Greater New York And Vicinity."  The agreement, dated July 28, 2006 contains the following language:  **Subcontractor acknowledges that this Subcontract includes the Project Labor Agreement ... between New York City School Construction**

1

**Authority and Building and Construction Trades Council of Greater New York and Vicinity, with its collective bargaining agreements (PLA). Subcontractor hereby consents to the terms of the PLA as a signatory, and agrees it is bound by the PLA ...."** The Employer also signed a "Subcontractor Affidavit of Project Labor Agreement Solicitation No: SCA05-03887D-1." The affidavit, dated July 30, 2006, in part, contains the following language: **"East Coast Window Installers shall be bound by the provisions of the Project Labor Agreement {between the New York City School Construction Authority and Building and Construction Trades Council of Greater New York and Vicinity} executed on the 10th of November, 2004 with respect to all Work to be performed under this solicitation."** The referenced Project Labor Agreement, in turn, states in Article 11, Section B:

> **The Contractor {East Coast Window Installers} agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into, and benefits paid out of, such Trust Funds but only with regard to Program Work done under this Agreement and only for those employees to whom this Agreement requires such benefit payments.**

The Funds identified in the caption above are such Trust Funds encompassed by Article 11, Section B.

Trust documents and Collective Bargaining Agreements that are incorporated by reference by the Trust documents provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the work covered by the above-identified agreement and affidavit, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Trust documents and incorporated by reference documents, have standing before the Arbitrator. In accordance therewith, the Petitioners, by August 24,

2007 and August 27, 2007 dated Notices of Intention to Arbitrate, demanded arbitration. The Petitioners allege the Employer failed to permit the Funds to conduct an audit of its books and records for the period of August 1, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated August 24, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for September 12, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

On September 12, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

3

The uncontroverted testimony and evidence established that:

- During the August 1, 2006 to date period, the Employer was bound to Fringe Benefit Trust Funds documents.

- The Fringe Benefit Trust Funds documents obligated the Employer to make certain payments to the Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules.

- Fringe Benefit Trust Fund documents authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. East Coast Window Installers is in violation of the July 28, 2006 Subcontractor Agreement and the July 30, 2006 Subcontractor Affidavit of Project Labor Agreement to which it is the signatory to both, the Project Labor Agreement, and the Fringe Benefit Trust Fund documents;

4

2. East Coast Window Installers is ordered to permit and facilitate the Funds conducting an audit of its certified payrolls or any other payroll records for work performed for the New York City School Construction Authority for the period of August 1, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. East Coast Window Installers shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

   | | |
   |---|---|
   | Court Costs | $   350.00 |
   | Attorney's Fee | 1,500.00 |
   | Arbitrator's Fee | 500.00 |
   | TOTAL | $2,350.00 |

4. East Coast Window Installers shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Robert Herzog
Dated: September 21, 2007　　　　　　　　　　Arbitrator

State of New York )
County of Rockland )

　　I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Robert Herzog
Dated: September 21, 2007　　　　　　　　　　Arbitrator

5

To:  East Coast Window Installers
     Attn: Mr. John Walter, President
     2680 Southern Road
     York, Pennsylvania 17403

     East Coast Window Installers
     Attn: Mr. John Walter, President
     1280 Southern Road
     York, Pennsylvania 17403

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014
     New York 10014

6