UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 10932 (JSR)
ECF CASE

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF
DEFAULT JUDGMENT**

Plaintiffs,

-against-

EAST COAST WINDOW INSTALLERS INC.,

Defendant.

-------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

1.     I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

2.     I submit this affidavit in support of plaintiffs' motion for default judgment against

East Coast Window Installers Inc. ("Defendant"), confirming an arbitration award against the

Defendant, dated September 21, 2007.

3.      Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.      Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.      Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.      Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.      Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated September 21, 2007 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.      The arbitrator found that East Coast Window Installers Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the

Plaintiffs with any and all books and records, for the period of August 1, 2006 through September 21, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

9.      The arbitrator also found that East Coast Window Installers Inc. was required to pay the funds a total sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

10.     The defendant has failed to abide by the award.

11.     The award has not been vacated or modified and no application for such relief is currently pending or has been made.

12.     Plaintiffs commenced this action on November 30, 2007 by filing a summons and complaint. (A copy is annexed hereto as Exhibit "B"). Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering one (1) true copy of the same to the Secretary of the State of New York on December 11, 2007, pursuant to Section 307 of New York Business Corporation Law and an affidavit of service was filed with the Court on December 18, 2007 (A copy is annexed hereto as Exhibit "C"). Plaintiffs completed service by mailing one (1) true copy thereof by registered mail with return receipt requested at the last known address of the corporation known to the plaintiffs on December 4, 2007 and an affidavit of service was filed with the Court on December 21, 2007. (A copy is annexed hereto as Exhibit "D").

13.     This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm and arbitrator's award.

14.     Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit

"E").

15.   Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as follows:

    a.   confirming the arbitrator's award;

    b.   ordering East Coast Window Installers Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period August 1, 2006 through September 21, 2007.

    c.   awarding judgment for the plaintiffs and against Defendant in the principal amount of $2,350.00;

    d.   attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "F" and a proposed Default Judgment is annexed hereto as Exhibit "G");

    e.   such other and further relief as this Court may deem just and proper

ANDREW GRABOIS (AG 3192)

Sworn to before me this
30th day of January, 2008

RAUL GARCIA
Notary Public, State of New York
No. 02GA6056458
Qualified in Kings County
Commission Expires April 2, 20 11

NOTARY PUBLIC

ORIGINAL

**OFFICE OF THE IMPARTIAL ARBITRATOR**
----------------------------------------------X
In The Matter Of The Arbitration

   between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund, by Michael J. Forde
and Paul O'Brien, as Trustees and The New York
City and Vicinity Carpenters Labor-Management
Corporation
    And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
        (Petitioners)
  -and-

East Coast Window Installers
        (Employer)
----------------------------------------------X
BEFORE:  Robert Herzog, Esq.

     DEFAULT

     AWARD

17952


   East Coast Window Installers (hereinafter referred to as the

"Employer") signed an agreement entitled "Subcontractor Agreement To Be Bound By

The Project Labor Agreement Covering Specified Construction Work Under The Capital Improvement And

Restructuring Programs (2005-2009) Between New York City School Construction Authority And Building And

Construction Trades Council Of Greater New York And Vicinity."  The agreement, dated July

28, 2006 contains the following language: **"Subcontractor acknowledges that this

Subcontract includes the Project Labor Agreement ... between New York City School Construction**

         1

**Authority and Building and Construction Trades Council of Greater New York and Vicinity, with its collective bargaining agreements (PLA). Subcontractor hereby consents to the terms of the PLA as a signatory, and agrees it is bound by the PLA ...."** The Employer also signed a "Subcontractor Affidavit of Project Labor Agreement Solicitation No: SCA05-03887D-1." The affidavit, dated July 30, 2006, in part, contains the following language: **"East Coast Window Installers shall be bound by the provisions of the Project Labor Agreement {between the New York City School Construction Authority and Building and Construction Trades Council of Greater New York and Vicinity} executed on the 10th of November, 2004 with respect to all Work to be performed under this solicitation."** The referenced Project Labor Agreement, in turn, states in Article 11, Section B:

> **The Contractor {East Coast Window Installers} agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into, and benefits paid out of, such Trust Funds but only with regard to Program Work done under this Agreement and only for those employees to whom this Agreement requires such benefit payments.**

The Funds identified in the caption above are such Trust Funds encompassed by Article 11, Section B.

Trust documents and Collective Bargaining Agreements that are incorporated by reference by the Trust documents provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the work covered by the above-identified agreement and affidavit, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Trust documents and incorporated by reference documents, have standing before the Arbitrator. In accordance therewith, the Petitioners, by August 24,

2007 and August 27, 2007 dated Notices of Intention to Arbitrate, demanded arbitration.   The Petitioners allege the Employer failed to permit the Funds to conduct an audit of its books and records for the period of August 1, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds.   A Notice of Hearing dated August 24, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for September 12, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail.   A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

On September 12, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.   Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.   Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented.   The arbitration proceeded as a Default Hearing.   Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.   The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the August 1, 2006 to date period, the Employer was bound to Fringe Benefit Trust Funds documents.

- The Fringe Benefit Trust Funds documents obligated the Employer to make certain payments to the Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules.

- Fringe Benefit Trust Fund documents authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. East Coast Window Installers is in violation of the July 28, 2006 Subcontractor Agreement and the July 30, 2006 Subcontractor Affidavit of Project Labor Agreement to which it is the signatory to both, the Project Labor Agreement, and the Fringe Benefit Trust Fund documents;

4

2. East Coast Window Installers is ordered to permit and facilitate the Funds conducting an audit of its certified payrolls or any other payroll records for work performed for the New York City School Construction Authority for the period of August 1, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. East Coast Window Installers shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Court Costs | $ 350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. East Coast Window Installers shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: September 21, 2007

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: September 21, 2007

5

To:    East Coast Window Installers
       Attn: Mr. John Walter, President
       2680 Southern Road
       York, Pennsylvania 17403

       East Coast Window Installers
       Attn: Mr. John Walter, President
       1280 Southern Road
       York, Pennsylvania 17403

       Steven Kasarda, Esq.
       New York City District Council Carpenters Benefit Funds
       395 Hudson Street
       New York, New York 10014
       New York 10014

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

**07 CV 10932**

**SUMMONS**

                              Plaintiffs,


                  -against-


EAST COAST WINDOWS INSTALLERS INC.,


                              Defendant.
--------------------------------------------------------------------------------X
TO:

      East Coast Windows Installers Inc.
      1280 Southern Road
      York, PA 17403

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

      O'DWYER & BERNSTIEN, LLP
      52 Duane Street
      New York, New York 10007
      (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**
CLERK

_____
BY DEPUTY CLERK

                  NOV 3 0 2007
      _____
      DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

07 CV 10932

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

07 CV_____

**COMPLAINT**

                                        Plaintiffs,

            -against-

EAST COAST WINDOWS INSTALLERS INC.,

                                        Defendant.
-------------------------------------------------------------------X

        Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

        1.        This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

East Coast Windows Installers Inc. ("Employer").

## JURISDICTION

2.    This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant is a foreign corporation incorporated under laws of the State of Pennsylvania with a principal place of business located at 1280

Southern Road, York, PA 17403.

    8.     The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

    9.     Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 30, 2006. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

    10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

    11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

    12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 21, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

    13.    The arbitrator found that the defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of August 1, 2006 through September 21, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14.     The arbitrator also found that the defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration with interest to accrue at the rate of 10% from the date of the award.

15.     The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.     For an order confirming the arbitration award in all respects;

2.     For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period August 1, 2006 through September 21, 2007.

3.     For entry of judgment in favor of the Benefit Funds and against defendant ordering defendant to pay the Benefit Funds a total sum of $2,350.00 together with interest at the rate of 10% from the date of the award,  pursuant to the arbitrator's award.

4.     For attorneys' fees and costs of this action;

5.     For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        November 30, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  07 cv 10932                                    Purchased/Filed: November 30, 2007

STATE OF NEW YORK        UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al.*                    Plaintiff

against

*East Coast Windows Installers Inc.*                                            Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY            SS.:

_____Jessica Miller_____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____December 11, 2007_____ , at __2:00 pm__ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint, Judge Rakoff's Rules, and Magistrate Dolinger's Rules

on

_____East Coast Windows Installers Inc._____ , the

Defendant in this action, by delivering to and leaving with _____Chad Matice_____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __1__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of __40__ dollars; That said service

was made pursuant to Section __307 Business Corporation Law__ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __28__    Approx. Wt: __200__    Approx. Ht: __6'0"__

Color of skin: __White__    Hair color: __Brown__    Sex: __M__    Other: _____

Sworn to before me on this

__13th__ day of _____December, 2007_____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0710411

*Servico. Inc. - PO Box 871 - Albany. New York 12201 - Ph 518-463-4179*

STATE OF NEW YORK        )

                                              SS.:

COUNTY OF NEW YORK   )

      RICH GAGE, being sworn, says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 4th day of December, 2007, I served the Plaintiffs' **SUMMONS, COMPLAINT AND JUDGES' RULES** to the following parties by depositing a true copy thereof in a post-paid wrapper, registered mail with return receipt requested, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

TO:   East Coast Windows Installers Inc.
        1280 Southern Road
        York, PA 17403

RICH GAGE

Sworn to before me this
21st day of December, 2007

NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Dec. 01, 2007
Jan 01, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS WELFARE FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS VACATION FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL J.
FORDE, and PAUL O'BRIEN, as TRUSTEES,
and MICHAEL J. FORDE, AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK CITY
AND VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

07 CV 10932 (SHS)
ECF CASE

**CLERKS
CERTIFICATE**

                                        Plaintiffs,
                -against-

EAST COAST WINDOWS INSTALLERS INC.,
                                Defendant.
-------------------------------------------------------------------------------X

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on Novebmer 30, 2007 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, East Coast

Window Installers Inc. on December 11, 2007, by delivering one (1) true copy thereof to Chad Matice, an

authorized clerk in the Office of the Secretary of State of the State of New York, and proof of service being

filed on December 18, 2007, and by registered mail to East Coast Window Installers Inc., 1280 Southern

Road, York, PA 17403 on December 4, 2007, and proof of service being filed on December 21, 2007.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated:  Jon 25, 2008
           New York, New York

                                    **J. MICHAEL MCMAHON**
                                        Clerk of the Court

                            By: _____
                                        Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE and
PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE, AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

07 CV 10932 (JSR)
ECF CASE

**AFFIDAVIT OF**
**SERVICES**

Plaintiffs,

-against-

EAST COAST WINDOW INSTALLERS INC.,

Defendant.
------------------------------------------------------------------------X
STATE OF NEW YORK          )
                           :SS.:
COUNTY OF NEW YORK         )

ANDREW GRABOIS, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On November 30, 2007, Rich Gage, a paralegal in this office, drafted a complaint, cover sheet and other required documents and prepared them for filing with the Clerk of the Court. He spent 1.0 hours on this matter at a billing rate of $115.00 per hour, for a total of $115.00 in attorneys' fees.

3. On November 30, 2007, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours on this matter at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

4. On November 30, 2007, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court. He spent 0.5 hours on this matter at a billing rate of $115.00 per hour, for a total of $57.50 in attorneys' fees.

5. On November 30, 2007, Mr. Gage prepared and filed the aforementioned documents on the Electronic Case Filing system. He spent 0.5 hours on this matter at a billing rate of $115.00 per hour for a total of $57.50 in attorneys' fees.

6. On December 4, 2007, Mr. Gage prepared and mailed the aforementioned documents for service of process through the Department of State. He spent 0.5 hours on this matter at a billing rate of $115.00 per hour for a total of $57.50 in attorneys' fees.

7. On December 4, 2007, Mr. Gage prepared and mailed the aforementioned documents for service of process by registered mail. He spent 1.0 hours on this matter at a billing rate of $115.00 per hour for a total of $115.00 in attorneys' fees.

8. On December 18, 2007, Ian Henderson, a paralegal in this office, prepared and filed the affidavit of service by registered mail with the Court and on the ECF system. He spent 0.5 hours on this matter at a billing rate of $150.00 per hour for a total of $75.00 in attorneys' fees.

9. On December 21, 2007, Mr. Henderson prepared and filed the affidavit of service by registered mail with the Court and on the ECF system. He spent 0.5 hours on this matter at a billing rate of $150.00 per hour for a total of $75.00 in attorneys' fees.

10. On January 30, 2008, Mr. Henderson prepared the default documents, including a proposed default judgment and notice of motion and affidavit of services rendered. He spent a total of 4.0 hours on this matter at a billing rate of $150.00 per hour for a total of $600.00 in attorneys' fees.

11. On January 30, 2008, your deponent reviewed and finalized the aforementioned default documents over 0.5 hours, at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

12. The cost of the process server to effectuate service of process was $74.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,472.50 and costs arising out of this action in the amount of $74.00 for a total of $1,546.50

ANDREW GRABOIS (AG 3192)

Sworn to before me this
30th day of January, 2008

NOTARY PUBLIC

RAUL GARCIA
Notary Public, State of New York
No. 02GA6056458
Qualified in Kings County
Commission Expires April 2, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

07 CV 10932 (JSR)
ECF CASE

**DEFAULT JUDGMENT**

                                      Plaintiffs,

          -against-

EAST COAST WINDOW INSTALLERS INC.,

                                  Defendant.
----------------------------------------------------------------------X

This action having been commenced on Novebmer 30, 2007 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant East

Coast Window Installers Inc. on December 11, 2007 by delivering one (1) true copy of the same to the

Secretary of the State of New York, pursuant to Section 307 of New York Business Corporation Law,

and a proof of service having been filed on December 18, 2007, and by registered mail on December 4,

2007, and a proof of service having been filed on December 21, 2007, and the defendant not having

answered the Complaint, and the time for answering the Complaint having expired, and the Clerk of

the Court having issued its certificate of default on January 25, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the liquidated amount of $2,350.00, representing costs

and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action

in the amount of $1,546.50 for a total of $3,896.50 and that East Coast Window Installers Inc. and its

officers are ordered to produce any and all books and records relating to East Coast Window Installers

Inc. for the period of August 1, 2006 through September 21, 2007.


Dated: _____
         New York, New York


                                        _____
                                        Honorable Jed S. Rakoff
                                        United States District Judge

                                        This document was entered on the docket
                                        on _____.

2

STATE OF NEW YORK      )
                                   :SS.:
COUNTY OF NEW YORK  )

IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 31ˢᵗ day of January, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    East Coast Window Installers Inc.
        1280 Southern Road
        York, PA 17403

_____
IAN K. HENDERSON

Sworn to before me this
31ˢᵗ day of January, 2008

_____
NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Jan 01, 20/2